# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### MIDLAND-ODESSA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **CR. NO:MO:06-CR-00089(1)-RAJ** |
| | § | |
| **(1) TOMMY DELANDO BURNS** | § | |

## SENTENCING MEMORANDUM

TOMMY DELANDO BURNS files this sentencing memorandum to be considered in his sentencing set for September 11, 2008.

## I.
### Time line

On 4/26/06, Tommy Delando Burns was charged by Indictment with one count of conspiracy to distribute 50 grams or more of cocaine base, "crack," and two counts aiding and abetting the distribution of 5 grams or more of cocaine base, "crack," in violation of 21 U.S.C. §§ 841(a)(1) & 841 (b)(1)(a) in violation of 21 U.S.C. § 846 and 18 U.S.C. §2.  Doc. #3.[1]  In Count 1, 2, and 3, Mr. Burns was charged along with Leroy Lashan Shelton.  On 6/28/06, a Superceding Indictment was returned adding Andre Demon Harris to Count 1 and 3.  Doc. #26.  On 9/27/06 a Second Superceding Indictment was returned removing Mr. Harris and adding a Fourth Count against Mr.

---

[1] Each pleading in the record on appeal is cited by its respective district court docket entry number ("Doc. #") and by internal page number where relevant.

Burns for Aiding and Abetting.  Doc.# 62. On 11/17/06, the jury was sworn and trial began. Doc. # 91.  On 11/22/06, the jury returned a guilty verdict on Counts 1, 3, and 4. Doc. #106.  On 2/22/07, Mr. Burns was sentenced to 360 months, 5 year supervised release and $100 special assessment for Counts 1,3,and 4 to run concurrently.  Doc. # 119.  Mr. Burns appealed.

On 11/1/2007, amendments to the Sentencing Guidelines which took effect reducing the base offense level for most crack cocaine offenses. *United States Sentencing Guidelines Manual* (2007), App. C, Amend. 706. The amendment adjusts downward by two levels the base offense level for the quantity of crack.   On 12/10/2007, the Supreme Court issued its opinion in *Kimbrough v. United States*, 128 S. Ct. 558 (2007). There, the Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing . . . that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes . . . ." *Id.* at 575. In 12/11/07, the United States Sentencing Commission voted to apply the amendment retroactively effective 3/3/08. Thus, as of 3/3/08, those defendants serving eligible cocaine-based sentences can file a motion for a sentence reduction. *See*, 18 U.S.C. § 3582(c)(2).  On 4/16/08, the Commission voted to amend the commentary to §2D1.1 to revise the manner in which combined offense levels are determined in cases involving cocaine base ("crack cocaine") and one or more other controlled substance. The Commission also voted to amend §1B1.10 [Reduction in Term of

Imprisonment as a Result of Amended Guideline Range (Policy Statement)] to provide retroactive effect to the amendment to §2D1.1.   These amendments became effective on 5/1/08.

On 5/2/08 the Fifth Circuit affirmed Burns's conviction, but vacated and remanded for resentencing.  On 7/30/08, Mr. Burns was set for resentencing before this Court.  During the sentencing the government raised the issue that government objected to a sentencing reduction for Mr. Burns under a crack resentencing pursuant to 18 U.S.C. § 3582(c). The sentencing was reset to 9/11/08.

## II.
## Fifth Circuit

In vacating and remanding Mr. Burns' sentencing the Fifth Circuit stated:

> We vacate this sentence because Burns, having objected on the basis of an improper disparity between the Guidelines' treatment of powder and crack cocaine offenses, is entitled to have his sentence set by a judge aware of the discretion that *Kimbrough* has announced. We in no manner intimate a particular sentence or even that the district court should enter a different sentence on remand. Instead, we vacate and remand in order that the district court may analyze the Section 3553(a) factors in light of *Kimbrough*.
>
> The district court may combine the resentencing proceeding on remand with any additional proceedings the district court may determine are appropriate in light of amendments to the Sentencing Guidelines related to crack-cocaine, which became effective March 3, 2008. We note that even without a motion from Burns, Section 3582(c) provides that the district court is free on its own initiative (or at the request of the director of the federal bureau of prisons) to consider the applicability of the change in the Sentencing Guidelines to Burns's sentence. 18 U.S.C. § 3582(c)(2). *See United States v. Taylor*, No. 06- 4123, 2008 WL 782739, *3 (7th Cir. March 26, 2008).

> Accordingly, Burns's conviction is AFFIRMED, but we VACATE and REMAND for resentencing consistent with this opinion.

Mr. Burns' sentence was vacated and remanded while he was on direct appeal. Unlike the majority of the cases that have sent back to this Court for crack resentencing; Mr. Burns was vacated a remanded for resentencing from a direct appeal not on a 18 U.S.C. § 3582(c) post conviction motion. *See United States v. Jones*, ___F.3d___, 2008 WL 2510627 (5th Cir. June 24, 2008)(Slip Copy). Mr. Burns is in a unique position in that he was on direct appeal not only, at a time when the Supreme Court made significant ruling on crack cocaine disparity, but also at a time when the United States Sentencing Commission made substantive changes to the sentencing guideline. Therefore, the resentencing procedure for Mr. Burns should be that of any other case vacated and remanded for resentencing and the guideline in effect at the time of sentencing would apply to Mr. Burns.

The Fifth Circuit informs this Court that it "may combine the resentencing proceeding on remand with any additional proceedings the district court may determine are appropriate in light of amendments to the Sentencing Guidelines..." This combined proceeding does not change the fact that Mr. Burns is before the Court for a new sentencing and that he is entitled to the Guideline in effect at the time of his sentencing (barring *ex post facto* considerations).

III.
USSG § 2D1.1
(effective March 3, 2008)

Mr. Burns respectfully requests this Court calculate and consider  USSG § 2D1.1 guidelines effective March 3, 2008 when sentencing him on September 11, 2008, under the advisory guideline system. *See* 18 U.S.C. § 3553(a)(4), (a)(5); *United States v. Booker*, 543 U.S. 220,264, 125 S.Ct. 738 (2005)('The district courts, while not bound to apply the Guidelines, must . . . take them into account when sentencing.'); *Rita v. United States,* 551 U.S. ----, ----, 127 S.Ct. 2456, 2465 (2007)(stating that a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range); *Gall v. United States*, 128 S. Ct. 586, 596 (2007) ('As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.'). The district court, in determining the appropriate sentence in a particular case, now must consider the properly calculated guideline range, the grounds for departure provided in the policy statements, and then the factors under 18 U.S.C. § 3553(a). *See Rita*, 127 S. Ct. at 2465.

Respectfully submitted,

_____/S/_____

MIKE DEGEURIN
Foreman DeGeurin & Nugent
300 Main Street
Houston, Texas  77002
713-655-9000 (Telephone)
713-655-1812 (Facsimile)
Federal Bar No. 3558

_____/S/_____

MICHAEL DEGEURIN
Attorney Mr. Burns
Foreman DeGeurin & Nugent
300 Main Street
Houston, Texas  77002
713-655-9000 (Telephone)
713-655-1812 (Facsimile)
Federal Bar No. 23288

## CERTIFICATE OF CONFERENCE

On September 8, 2008 counsel has not had the opportunity to confer with the attorney for the government, Jeff Parras.

_____/S/_____
Mike DeGeurin

_____/S/_____
Michael DeGeurin

## CERTIFICATE OF SERVICE

I certify that on September 8, 2008, a copy of this memorandum was electronically delivered to Assistant United States Attorney Jeff Parras.

_____/S/_____
Mike DeGeurin

_____/S/_____
Michael DeGeurin