United States District Court
Western District of Texas
Midland/Odessa Division

United States of America,
    Plaintiff,

    v.

TOMMY DELANDO BURNS,
    Defendant.

No. MO:06-CR-00089

**Government's Response to Defendant's Sentence-Reduction Motion
Under Section 404 of the First Step Act of 2018**

The Government submits this response to Defendant's, Tommy Delando Burn, ("hereinafter Defendant") "Motion for Sentence Reduction Under Section 404(c) and Concepcion v. United States," filed on July 15, 2022.  ECF No. 329.

**A.    Summary of Proceedings.**

    (1)    <u>Defendant's trial, sentencing, direct appeal and re-sentencing.</u>

In November 2006, Defendant was found guilty after a jury trial of conspiring to, and possessing with intent to distribute, 50 grams or more of crack cocaine and one count of possessing with intent to distribute 5 grams or more of crack cocaine in violation of 21 U.S.C. §§ 846, 841. ECF No. 122. The convictions arose from Defendant's involvement in a drug trafficking conspiracy that transported large quantities of crack cocaine from Fort Worth, Texas for distribution in Midland, Texas for at least three-and-a-half years. (PSR ¶¶ 3-14).[1]

Prior to sentencing, Defendant's offense-level scoring began with a Base Offense Level of 36 based on a drug amount of more than 1.5 kilograms but less than 4.5 kilograms of crack cocaine. (PSR ¶ 20). Two more offense levels were added for obstructing justice because, prior to

---

[1] References to the PSR are to the Revised PSR, dated September 10, 2008.

conviction, Defendant threatened two witnesses and offered a monetary bribe. (PSR ⁋⁋ 16, 24). Defendant's total offense level was therefore determined to be 38. (PSR ⁋ 29).

Defendant's criminal history scored 13 criminal history points and included 10 points for his prior convictions, 2 points for being on state parole when the offenses of conviction were committed, and another 2 points because the instant convictions occurred within two years of his release from prison. (PSR ⁋ 39-42). His criminal history category was thus set at VI. (PSR ⁋ 42).

Based upon an offense level 38 and criminal history category VI, Defendant's advisory guideline sentencing range was 360 months to life. (PSR ⁋ 65). However, that range was capped by a statutory mandatory maximum sentence of 480 months which reduced Defendant's advisory guidelines sentencing range to 360 to 480 months. (PSR ⁋ 66). In March 2007, the district court sentenced Defendant to concurrent sentences of 360 months on each of his three counts of conviction. ECF No. 122.

Defendant appealed his convictions and sentences. *See United States v. Burns*, 526 F.3d 852, 861 (5th Cir. 2008). His convictions were affirmed, but the Fifth Circuit Court of Appeals remanded for re-sentencing to allow the district court to determine whether the disparity between the Guidelines' treatment of powder and crack cocaine offenses warranted a lower sentence based on *United States v. Kimbrough*, 552 U.S. 85 (2007). *See Burns*, 526 F.3d at 862. The panel also permitted the district court to "combine the resentencing proceeding on remand with any additional proceedings the district court may determine are appropriate in light of amendments to the Sentencing Guidelines related to crack-cocaine, which became effective March 3, 2008." *Id*.

On remand, the district court held an extensive re-sentencing hearing and re-calculated Defendant's offense level pursuant to the 2008 Guidelines' two-level reduction. ECF No. 232. Defendant's advisory guideline sentencing range was thus reduced to a range of 324 to 405 months.

ECF No. 232 at 44-46. He was re-sentenced to 324 months' imprisonment on each of his three

counts of conviction to run concurrently. ECF Nos. 310, 232 at 60-61.

        (2)    <u>Defendant's Sentence Reduction under Guideline Amendment 782</u>.

       In 2015, the district court applied Amendment 782 to reduce Defendant's sentences from

324 months' imprisonment to 262 months. ECF No. 289.[2]

        (3)    <u>Defendant's March 2020 Motion for Sentence Reduction under § 404 of the First Step Act of 2018</u>.

       In March 2020, Defendant moved for a sentence reduction under § 404 of the First Step

Act. Sealed ECF No. 300.[3] He argued that, if the 2010 Fair Sentencing Act had been in effect when

he was sentenced, he would have faced lower statutory penalty range of 5-to-40 years'

imprisonment on counts one and four, instead of 10-to-life range of imprisonment, and a penalty

range of 0-to-20 years' imprisonment on count three. Sealed ECF No. 300 at 4-5. He also argued

that, if his drug quantity had been converted to a "converted drug weight" under the current

guidelines, his offense level would have been lower and, combined with other adjustments and a

criminal history category VI, would have resulted in a lower guideline range of 210 to 262. Sealed

ECF No. 300 at 5-6. He requested a reduction of his sentence to 210 months imprisonment. Sealed

ECF No. 300 at 6.

---

[2] Amendment 782 to the Sentencing Guidelines reduced by two levels the base offense level assigned a defendant by the Guidelines' Drug Quantity Table in Section 2D1.1. *United States v. Hernandez*, 647 F. App'x 426, 427 (5th Cir. 2016), citing U.S.S.G. App. C., Amend. 782 and U.S.S.G. App. C., Amend. 788 (making Amendment 782 retroactive).

[3] In 2010, the Fair Sentencing Act amended the federal drug trafficking statute, 21 U.S.C. § 841, to increase the amount of cocaine base necessary to trigger the statutory sentencing ranges of § 841(b)(1)(A)(iii) (ten years to life) and (B)(iii) (five to 40 years). Pub. L. No. 111-220, §2(a), 124 Stat. 2372, 2372 (2010).  In 2018, the First Step Act granted district courts the authority to reduce the sentences of defendants who had been sentenced before the 2010 Fair Sentencing Act and who would have faced lower statutory penalties had they been sentenced after the Fair Sentencing Act took effect. Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018).

In its August 2020 response to Burn's § 404 motion, the Government agreed that he was eligible for consideration of a sentence reduction under § 404 but argued that a sentence reduction was not warranted. ECF No. 305 at 1, 3-4. Specifically, the Government argued that Burns' current sentence of 262 months imprisonment was within the new statutory penalty range, after application of the Fair Sentencing Act and First Step Act provisions. ECF No. 305 at 1. Additionally, relying on the Fifth Circuit's opinion in *United States v. Hegwood*, 934 F.3d 414 (5th Cir. 2019), the Government argued that Burns' offense level and criminal history category were unchanged by the Fair Sentencing Act and the First Step Act, and that Burns' 262-month sentence was within the applicable guideline range ECF No. 305 at 1, 4-6.[4] The Government also argued that, even if the district court did not view *Hegwood* as controlling,  the § 3553(a) factors weighed heavily against Defendant because of his criminal history, the seriousness of his offenses of conviction, his threats to harm or bribe certain witnesses who were to testify at trial, and the unwarranted sentencing disparity any further reduction to his sentence would create. ECF No. 305 at 6-8.

On August 12, 2020, the district court denied Defendant's motion in the following text order:

> It is ORDERED the Defendant's Motion for Sentence Reduction Under §404 of the First Step Act 300 is DENIED as to Tommy Delando Burns (1). Entered by Judge David Counts. (This is a text-only entry generated by the court. There is no document associated with this entry.)

(Docket p. 21). Burns appealed the district court's text order. ECF No. 306.

---

[4] In *United States v. Hegwood*, the Fifth Circuit interpreted the First Step Act to require a district court to "decide[] on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act."  934 F.3d 414, 418 (5th Cir. 2019). Recently, the Fifth Circuit's interpretation of the First Step Act was abrogated by the Supreme Court's opinion in *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022), which held that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022).

(4)    Appeal From Denial of § 404 Motion and Fifth Circuit's Order for Limited
       Remand.

In Appeal No. 20-50681, the Fifth Circuit Court of Appeals issued an opinion, on July 23,

2021, remanding the case to the district court for the limited purpose of allowing the district court

to explain why it denied Burns' § 404 Motion. *United States v. Burns*, 853 F. App'x 993 (5th Cir.

2021). ECF No. 323.

(5)    District Court's Order on Remand and Fifth Circuit Opinion Affirming
       Order of the District Court After Remand.

On remand, the district court issued an order, amended on September 23, 2021, explaining

its reasons for denial of Burns' § 404 motion, as follows:

> The Court finds that although Defendant Burns is eligible for consideration of a
> sentence reduction under § 404 of the First Step Act of 2018, the Court determines
> in its discretion, and in light of the significant departure previously granted by this
> Court, that no further sentencing reduction is warranted. Considering the sentencing
> factors in 18 U.S.C. § 3553(a), the facts of the case and the severity of the offense,
> as well as the fact that this Court has previously granted a departure from the
> original applicable guideline range (360 months-to-life) based on Amendment 782
> to the drug guideline, and the fact that Defendant's current sentence lies within the
> applicable sentencing range. Congress having ratified the Court's reduction, the
> Court rules that further reduction is unwarranted. The Defendant's sentence of 262
> months and the current term of supervised release are just.

ECF Nos. 324, 325.

On February 18, 2022, the Fifth Circuit issued an opinion affirming the judgment of the

district court after remand. ECF No. 328. The opinion, in its entirety, reads as follows:

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:

> Tommy Delando Burns, federal prisoner # 35499-177, was convicted of one
> count of conspiracy to possess with intent to distribute crack cocaine and two counts
> of aiding and abetting the distribution of crack cocaine. Following a remand, he
> was resentenced to concurrent terms of 324 months in prison and five years of
> supervised release, but his sentences were subsequently reduced, and he is now
> serving concurrent terms of 262 months in prison.

5

The district court denied Burns's motion under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5221, to reduce his total sentence of imprisonment and his supervised release term. Burns appeals that ruling, which we review for abuse of discretion. *United States v. Batiste*, 980 F.3d 466, 469 (5th Cir. 2020).

Burns contends that the district court failed to adequately explain the reasons for its decision. However, the arguments for and against a sentence reduction were briefed by the parties and before the district court. This court ordered a limited remand, and the district court issued an order explaining that Burns was eligible for a sentence reduction under Section 404 but that the court, in its discretion, had determined that no reduction in Burns's sentence or term of supervised release was warranted. It stated that the decision was based on its consideration of the 18 U.S.C. § 3553(a) factors, the facts of the case, the severity of Burns's offense, the fact that it had previously granted a "significant departure" based upon Amendment 782 to the Guidelines, and the fact that Burns's current sentence falls within the applicable sentencing guidelines range. Nothing more was required. *See United States v. Whitehead*, 986 F.3d 547, 551 (5th Cir. 2021). Thus, the district court did not abuse its discretion in denying the motion. *See Batiste*, 980 F.3d at 479.

AFFIRMED.

*United States v. Burns*, No. 20-50681, 2022 WL 501362 (5th Cir. Feb. 18, 2022).

**B.     Defendant's instant motion for a sentence reduction under section 404 of the First Step Act of 2018 is barred because he previously filed a motion under the First Step Act in March 2020, which was considered and rejected by the district court after a complete review on the merits.**

Pursuant to Section 404(c) of the First Step Act, the following limitations are placed on the availability of relief under the Act:

> No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 ... or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act of 2018, Pub. L. No. 115-391, § 404(c), 132 Stat. 5222 (2018).

The Supreme Court has stated that, under § 404(c), "a district court may not consider a First Step Act motion if the movant's sentence was already reduced under the Fair Sentencing Act

or if the court considered and rejected a motion under the First Step Act." *Concepcion v. United States*, -- U.S. --, 142 S.Ct. 2389, 2401-02 (2022).

Defendant's previous motion for a sentence reduction under § 404, which was filed in March 2020, was denied by the district court after a complete review of the motion on the merits. Indeed, as reflected in the district court's explanation of its reasons for denying the motion, the district court considered the sentencing factors in 18 U.S.C. § 3553(a), the facts of the case and the severity of the offense, the fact that the Court had previously granted a departure from the original applicable guideline range based on Amendment 782, and the fact that Defendant's current sentence lies within the applicable sentencing range. 325). Moreover, on appeal, the Fifth Circuit held that the district court did not abuse its discretion in denying the motion. *Burns*, 2022 WL 501362.

Burns contends that the district court's denial of his prior motion for a sentence reduction under § 404 was not a "complete review" because he now raises a new claim that the applicable drug quantity should have been based on only 105 grams of cocaine base, which he calculates by adding together the minimum amounts of cocaine base alleged in each count of conviction. (Defendant's Motion at 5). He also argues that, under the Supreme Court's recent opinion in *Concepcion*, this Court may take into consideration his post-conviction rehabilitation efforts when deciding whether to grant relief, (Defendant's Motion at 6). These arguments do not refute the fact that his prior motion was denied after a complete review of the motion on the merits.

Indeed, the drug quantity alleged in the indictment is not an intervening change of law or fact. Counts one and four of the indictment alleged "50 grams *or more*" of cocaine base and count three alleged "5 grams *or more*" of cocaine base. ECF No. 26-1. Thus, the "minimum" crack cocaine quantities alleged in the indictment do not affect the total drug quantity attributed to Burns.

Moreover, Burn's post-conviction rehabilitation and employment opportunity were addressed in his prior § 404 motion and were already considered by the district court. Sealed ECF Nos. 300, 325.

Because Defendant's prior § 404 motion for sentence reduction was denied after a complete review of the motion on the merits, the limitations set forth in § 404(c) preclude this Court from considering his current motion for sentence reduction. Thus, his current motion should therefore be denied.

**C. Alternatively, even if § 404(c) does not bar consideration of Burns' current motion, it should be denied on the merits.**

The First Step Act expressly states that "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Pub. L. No. 115-391, § 404(c), 132 Stat. at 5222. Thus, eligibility for resentencing under the First Step Act does not equate to entitlement. *United States v. Batiste*, 980 F.3d 466, 471 (5th Cir. 2020). "[T]he decision whether to wield the resentencing authority granted by the First Step Act is one committed to the court's discretion." *Id.*

For the same reasons which supported the district court's denial of Burns' previous motion for sentence reduction under § 404 (ECF No. 325), his current motion should likewise be denied. Indeed, the sentencing factors in 18 U.S.C. § 3553(a), including Burns' history and characteristics, the seriousness of his offense and the need to provide just punishment and promote respect for the law, all weigh against an additional reduction of Burns' sentence. As explained by the district court in denying Burns' previous motion under § 404 of the First Step Act, "considering the sentencing factors in 18 U.S.C. § 3553(a), the facts of the case and severity of the offense, as well as the fact that this Court has previously granted a departure from the original applicable guideline range ... based on Amendment 782 to the drug guideline, and the fact that Defendant's current sentence lies

within the applicable sentencing range," further reduction of his sentence is unwarranted. ECF No. 325.

## Conclusion

For the reasons above, this Court should deny Defendant's motion for a reduction of his sentence under Section 404 of the First Step Act.

<div style="margin-left:40%">

Respectfully submitted,
Ashley C. Hoff
United States Attorney

</div>

By:   /s/ *Joseph Mahoney*
JOSEPH MAHONEY
Assistant United States Attorney
Illinois Bar No. 6324280
400 W. Illinois, Suite 1200
Midland, Texas 79701
432-686-4110
432-686-4131 FAX

**Certificate of Service**

I certify that on September 19, 2022, I electronically filed this document with the Clerk of Court using the CM/ECF system.

☐   The CM/ECF system will send notification to the following CM/ECF participant(s):

☒   I certify that I have mailed this document by United States Postal Service to the following non-CM/ECF participant(s):

      Tommy Delando Burns
      Register Number: 35499-177
      FCI Seagoville
      P.O. Box 9000
      Seagoville, TX  75159

                    */s/ Joseph Mahoney*
                    JOSEPH MAHONEY
                    Assistant United States Attorney